UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE L. JONES,

   Plaintiff,

v.              25-CV-6083-FPG
                ORDER
MONROE COUNTY JAIL and
DEPUTY NIEDIRT,

    Defendants.[1]

_____

*Pro se* Plaintiff Andre L. Jones is confined at Livingston County Jail. He filed a complaint, as well as an amended complaint, requesting relief under 42 U.S.C. § 1983 related to an allergic reaction and seizure Plaintiff suffered while detained at Monroe County Jail. ECF Nos. 1, 8.[2] He submitted a motion to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization. ECF No. 9.

Because Plaintiff meets the requirements of 28 U.S.C. § 1915(a) and filed the required documents, he is granted permission to proceed IFP. The Court therefore screens the complaint, as supplemented, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

For the reasons that follow, the Court dismisses the claims against Monroe County Jail with prejudice and without leave to amend. The Fourteenth Amendment deliberate indifference

---

[1] The Clerk of Court is directed to amend the caption to add Deputy Niedirt as a defendant.

[2] "[I]t is well-established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025). But given the Court's duty to construe *pro se* complaints with "special solicitude[,]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), and because the allegations in the amended complaint largely match those in the complaint, the Court will treat the amended complaint as a supplement to the original complaint.

claim against Niedirt may proceed to service. The complaint is otherwise dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); see 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

#### B.    Pleading Standards

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge

the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at \*1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at \*1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## C.    Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D.      Leave to Amend

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II.      <u>Allegations</u>[3]

Plaintiff has several established allergies to certain foods—including tomatoes, onions, fish, and eggs—that are in his medical file. ECF No. 1 at 4, 6. While in pretrial detention at Monroe County Jail, Plaintiff complained to the deputies "on numerous occasions" about his allergies and the kitchen frequently disregarding his complaints and placing these foods on his tray. *Id.* at 11. For instance, in November 2024, Plaintiff complained to Deputy Gentile about his tray having tomato sauce on it, and Gentile informed the kitchen, who "blew him off and didn't respond." *Id.* And on December 2, 2024, Plaintiff complained to Deputy Bailey that eggs were

---

[3] The Court accepts Plaintiff's allegations as true for purposes of screening his complaint. Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

present on his diet tray, despite his diet sticker clearly stating "no eggs." *Id.*    Plaintiff was subsequently told by the kitchen supervisor that they had no records on file about Plaintiff's food allergies. *Id.*

At breakfast on December 7, 2024, between approximately 7:37-7:45 a.m., Plaintiff ingested eggs that were not supposed to be on his tray and suffered an allergic reaction. *Id.* at 4-5, 11. Specifically, Plaintiff suffered a seizure, hives, and a mild contusion to the back of his head from falling. *Id.* at 5, 7. Plaintiff was given smelling salts to revive him and Benadryl for the hives but was not "taken to an outside area hospital to rule out a concussion from hitting [his] head 'hard' on the floor." *Id.* at 5, 11.

As to the response to his seizure, Plaintiff alleges that Deputy Niedirt ("Niedirt") "didn't perform any of his proper training techniques that he was taught when a situation of this magnitude occurred." *Id.* at 12.[4] Niedirt did not perform CPR or try to clear the food in Plaintiff's throat—instead, he went back to his station and at one point told Plaintiff to "get up and stop faking."[5] *Id.* at 13. If another deputy had not turned Plaintiff on his side, he would have choked due to the eggs in his throat. *Id.* at 12. Another inmate was present and "tried to assist but was told to lock in." *Id.* at 5. Plaintiff filed a grievance against Niedirt in relation to the incident, and the grievance was accepted and denied in part. *Id.* at 13.[6]

Plaintiff feels that his life is in danger and is scared that his food will not be safe for him to eat. *Id.* at 11-12. In addition to compensatory damages, Plaintiff requests the kitchen staff on

---

[4] The complaint uses a different spelling of Niedirt. The spelling used in this Order comes from the "Decision & Response" to Plaintiff's grievance. ECF No. 1 at 14.

[5] Plaintiff was told this information by other inmates who were present. *Id.* at 12.

[6] Plaintiff's complaints include a copy of the grievance decision, which accepts that Plaintiff has a medical diet stating his tray should not have fish, eggs, tomatoes, or onions. ECF No. 1 at 14; ECF No. 8 at 11. It further states that "Deputy Niedirt did what he was trained to do when he found [Plaintiff] in distress" and denied that portion of the grievance on the merits. *Id.*

duty that day be removed, Deputy Niedirt be removed from his duties as an officer, and that Plaintiff be immediately released. *Id.* at 12.

### III.    Analysis

#### A.    Monroe County Jail as a Defendant

Plaintiff cannot maintain claims against Monroe County Jail because that facility is not a "person" or "state actor" within the meaning of § 1983. *See, e.g., Michel v. Orange Cnty., N.Y.,* No. 22-190-PR, 2024 WL 461693, at *3 (2d Cir. Feb. 7, 2024) (summary order) (citation omitted) (agreeing with the district court that "Orange County Jail is not a proper party for a § 1983 claim"). Rather, Monroe County Jail is an administrative arm of Monroe County, and does not have a legal entity separate and apart from the county. *Davis v. Lynbrook Police Dep't,* 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."); *see also Murray v Feldesin,* No. 9:25-CV-0733 (BKS/ML), 2025 WL 2618931, at *4 (N.D.N.Y. Sept. 11, 2025) ("Since Warren County Correctional Facility is an administrative arm of Warren County, without a legal identity separate and apart from the County, it lacks the capacity to be sued.").

The Court instead construes the claims as being asserted against the municipal entity itself—Monroe County. Although municipalities are considered "persons" for purposes of § 1983, a local government may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Kurmangaliyev v. City of New York*, No. 22-CV-5656 (LDH), 2023 WL 8654023, at *2 (E.D.N.Y. Dec. 14, 2023) (collecting cases).

Plaintiff's allegations do not suggest that an official custom or policy of Monroe County led to or caused the alleged constitutional violations here. The Court therefore finds that the complaint does not plausibly allege municipal liability, and those claims are dismissed with leave to amend.

**B.      Deliberate Indifference Claims**

Because it appears that Plaintiff was a pretrial detainee at the time of the alleged constitutional violation, his allegations of deliberate indifference are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Darnell v Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A Fourteenth Amendment medical indifference claim, requires a pretrial detainee to plausibly allege two elements: an objective prong demonstrating the existence of a "serious medical need," and a "*mens rea*" prong, that defendants "acted with deliberate indifference to such needs." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); and then citing *Darnell*, 849 F.3d at 29).

The serious medical need element "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Id.* While there is "no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition," *Brock v.*

7

*Wright*, 315 F.3d 158, 162 (2d Cir. 2003), courts consider factors such as (1) "whether a reasonable doctor or patient would find the injury important and worthy of treatment," (2) "whether the medical condition significantly affects an individual's daily activities," and (3) "whether the illness or injury inflicts chronic and substantial pain," *Charles*, 925 F.3d at 86.

Under the *mens rea* prong, "something more than mere negligence" is necessary. *Id.* at 87 (citation modified). Deliberate indifference must be "shown by something akin to recklessness" but "does not require proof of a malicious or callous state of mind." *Id.* at 86 (quoting *Darnell*, 849 F.3d at 33-34). Thus, a plaintiff can "allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87.

The Court reads Plaintiff's complaint as asserting deliberate indifference claims as to (1) the eggs being placed in Plaintiff's food tray despite his documented allergies; (2) the inadequate medical response by Neidirt to Plaintiff's seizure and medical episode; and (3) the failure to take Plaintiff to an outside hospital to check for a concussion.

### 1.    Deliberate Indifference – Meals and Allergies

The Court accepts, for purposes of this initial review, that Plaintiff's allergy to eggs was sufficiently serious because it caused him to suffer a seizure, nearly choke, and injure his head in the resulting fall. *See Jumpp v. Simonow*, No. 3:20CV138 (KAD), 2020 WL 4059850, at *10 (D. Conn. July 20, 2020) (food allergy was sufficiently serious as it causes plaintiff difficulty breathing when his throat swells); *Chavis v. Kienert*, No. 9:03-CV-0039(FJSRFT), 2005 WL 2452150, at *23 (N.D.N.Y. Sept. 30, 2005) (recognizing that food allergies can become life-threatening but finding food allergy causing hive attacks not sufficiently serious).

As to the subjective element, Plaintiff's allegations could support a claim that the December 7, 2024 incident was more than mere negligence—specifically, as Plaintiff alleges he had informed deputies and kitchen staff of his allergies and prior incidents of receiving the wrong food, including a few days before on December 2.  However, Plaintiff has not named any individual defendant or alleged how any individual deputy or staff member—including Deputy Bailey or Deputy Gentile—was personally involved in this incident.  Because a defendant's personal involvement is required to hold a defendant liable under § 1983, Plaintiff has not sufficiently alleged a claim of Fourteenth Amendment deliberate indifference against any individual defendant based on the meal incident on December 7, 2024.  *See Jumpp*, 2020 WL 4059850, at *11 (plaintiff did not allege any defendants included in case caption were personally involved in serving him dinner tray with ground up bones).

Plaintiff's Fourteenth Amendment based on being served eggs is dismissed for failure to state a claim, with leave to amend.  Any amended complaint should provide facts indicating how a specific defendant was (1) personally involved on December 7, 2024 and (2) acted recklessly or otherwise knew or should have known that serving eggs to Plaintiff would pose a substantial risk to his health.

### 2.    Deliberate Indifference – Niedirt's Response to Plaintiff's Allergic Reaction

Again, at this early stage, the Court accepts that Plaintiff has alleged a sufficiently serious medical condition in experiencing a severe allergic reaction and seizure, as well as the resulting fall and head injury.

As for the subjective element, the Court finds that Plaintiff's allegations are sufficient to show Niedirt acted with deliberate indifference in response to Plaintiff's seizure.  This claim may proceed to service.

### 3.    Deliberate Indifference – Failure To Treat Plaintiff For a Concussion

Lastly, as for Plaintiff's allegation that he could have suffered a concussion and should have been taken to an outside hospital, Plaintiff does not allege facts to show any defendant acted with deliberate indifference.

While Plaintiff alleges that he hit his head hard when he fell and suffered a mild contusion, he does not allege any additional facts about his medical treatment after the December 7, 2024 episode.  "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim," and that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  Without further details as to the medical treatment Plaintiff received, his symptoms, etc., the Court cannot assess whether Plaintiff's condition after December 7, 2024 was sufficiently serious and/or merited additional treatment that only an outside hospital could provide.

This claim further fails because Plaintiff has not identified any individual defendant who was deliberately indifferent to his serious medical needs.  Accordingly, any deliberate indifference claim based on not taking Plaintiff to an outside hospital related to a potential concussion is dismissed for failure to state a claim, but with leave to amend.  Any amended complaint should provide facts indicating how a specific defendant was personally involved and acted recklessly or was otherwise deliberately indifferent to Plaintiff's serious medical needs.

### 4.    Summary

In sum, Plaintiff's deliberate indifference claim against Niedirt may proceed to service. His other claims are dismissed with leave to amend.[7]

---

[7] In an amended complaint, Plaintiff may choose to assert such claims pursuant to *Monell*—that is, allege these incidents of deliberate indifference occurred pursuant to a policy or custom of Monroe County—and/or against individual defendants in their individual capacities—by alleging their personal involvement in the constitutional violations.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915, and his request to proceed IFP is granted. For the reasons set forth above, Plaintiff's Fourteenth Amendment deliberate indifference claim against Niedirt may proceed to service. The claims against Monroe County Jail are dismissed without leave to amend. Plaintiff's remaining claims are otherwise dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but with leave to amend.

Plaintiff may file an amended complaint by **October 22, 2025**, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

## ORDER

In light of the above,

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP (ECF No. 9) is granted; and it is further

ORDERED that Plaintiff's Fourteenth Amendment deliberate indifference claim against Deputy Niedirt may proceed to service; and it is further

ORDERED that the claims against Monroe County Jail are dismissed without leave to amend; and it is further

ORDERED that the remaining claims, including against Monroe County, are dismissed 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state claim, but with leave to amend; and it is further

ORDERED that Plaintiff may file an amended complaint as directed above by no later than **October 22, 2025**; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff with this order a copy of the original complaint, as supplemented (ECF No. 1 and 8), a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint correcting the deficiencies noted above by the deadline set forth above, the Clerk of the Court shall cause the United States Marshals Service to serve copies of the summons, the complaint, as supplemented, ECF Nos. 1 and 8, and this order upon defendant Niedirt, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[8] and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Monroe County Law Department shall ascertain the full name of defendant Deputy Niedirt. The Monroe County Law Department also shall provide an address where Niedirt may be served. The Monroe County Law Department need not defend or indemnify these individuals at this

---

[8] If Plaintiff files an amended complaint as directed in this order service will be deferred until such time as the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

juncture.  This order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*; and it is further.

ORDERED that the Monroe County Law Department shall produce the information specified above **by no later than October 15, 2025**.  The information shall be forwarded to the Court's Pro Se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614.  Once this information is provided, the Clerk of the Court shall amend the caption in this action to reflect Niedirt's full name; and it is further

ORDERED that the Clerk of the Court shall forward a copy of this order and the complaint, as supplemented, ECF Nos. 1 and 8, by email to Alissa Brennan, Deputy Monroe County Attorney, at alissabrennan@monroecounty.gov; and it is further

ORDERED that once served, Niedirt shall answer the complaint, as supplemented, or respond under 42 U.S.C. § 1997e(g); and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his/her address changes. Failure to do so may result in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:  _____, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

13